IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                                         OPINION and ORDER

JEREMIAH D. EDWARDS,                                       18-cr-162-jdp

               Defendant.

---

This case is scheduled for a jury trial on February 10, 2020. To streamline the final hearing on February 5, this order will resolve some of the disputed issues and identify other issues that require additional discussion at the final hearing.

A. **Edwards's motions**

    1. **Motion in limine to allow Edwards to be present during sidebars, Dkt. 145**

The government doesn't object to this request and I have no objection either, so this motion is GRANTED.

    2. **Motion to preclude use of bank records, Dkt. 146**

The government wants to offer bank records showing that: (1) Edwards withdrew $400 from his bank account less than five hours after the crash, using an ATM that was 1.1 miles away; (2) five days later, Edwards withdrew another $500, which resulted in an overdraft; (3) Edwards did not replenish the account as he had in the past. Dkt. 127, § 2.

Edwards objects on the ground that the government doesn't point to evidence showing when Edwards left Madison. But that isn't required. The fact that Edwards made two large withdrawals over five days and failed to replenish his account as he had done in the past is circumstantial evidence of Edwards's whereabouts on the night of the robbery and that

Edwards intended to leave Madison and not return for the foreseeable future. I am not persuaded that the evidence is unfairly prejudicial because the overdraft suggests that he is not a "rich man." Edwards's motion to exclude this evidence is DENIED.

### 3. Motion to preclude use of Edwards's criminal history, Dkt. 147

The government wants to offer evidence of seven felony convictions: (1) a 2005 conviction for armed robbery with use of force; (2)–(4) three 2005 convictions for contributing to the delinquency of a child; (5) a 2005 conviction for bail jumping; (6) a 2010 conviction for being a felon in possession of a firearm; (7) a 2012 conviction for false imprisonment. Dkt. 127 and Dkt. 199. The governments wants to identify the particular felony charged, the date of the conviction, and the sentence imposed. *See United States v. Smith*, 454 F.3d 707, 716-17 (7th Cir. 2006) (allowing government to ask the defendant "whether he had been convicted of a felony, when he was convicted, and what the offense was").

This motion is GRANTED in part and DENIED in part. As an initial matter, Edwards objects to the first five felony convictions on the ground that the government hasn't shown that it has been fewer than ten years since he was released from prison on the 2005 convictions. Fed. R. Evid. P. 609(b) ("[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] [e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."). The government doesn't respond to this objection.

But even if it has been fewer than 10 years since Edwards was released, I am persuaded that the probative value of the details of the convictions is outweighed by their prejudicial effect. *See* Fed. R. Evid. 609(a). None of the convictions are crimes of dishonesty and some of them would be highly prejudicial, especially the conviction for armed robbery. So I conclude

that it is sufficient if the government puts in evidence that Edwards has seven felony convictions, the dates of the convictions, and the sentence imposed, without otherwise identifying the nature of the convictions.

4. **Motion to limit use of prior felony conviction as proof of defendant being a felon, Dkt. 148**

One of the charges in this case is that Edwards knowingly possessed a firearm as a felon. Because Edwards has declined to stipulate that he was a felon, the government wants to offer the following evidence to prove this charge: (1) the 2010 judgment of conviction for being a felon in possession; (2) the 2005 judgment of conviction for armed robbery with use of force, bail jumping, and three counts contributing to the delinquency of a child; and (3) testimony from Edwards's probation officer, who will identify Edwards as the person named in the judgments. Dkt. 201. Edwards proposes "to limit the prosecution to putting on evidence of only one prior felony conviction and refraining from informing the jury about the subject matter of the conviction."

This motion is DENIED in large part. Because Edwards has declined to stipulate to his felony status, the government is entitled to put forward evidence of the existence of each felony conviction and of Edwards's knowledge of his felony status. But because I have concluded that the details of the felonies are unfairly prejudicial, the government will redact those details before showing the judgments to the jury.

5. **Motions to preclude use of evidence on the cell phone recovered from the Outlander, Dkt. 149 and Dkt. 192**

In Dkt. 127, the government says that it intends to offer "evidence of pictures of drugs found on the defendant's phones, as well as text messages between the defendant and other individuals regarding the sale of drugs." In Dkt. 174, the government provided a more detailed

list of evidence it intends to offer from the cell phone. Edwards objects to all of this evidence because it is "merely evidence of prior bad acts but does not fit under any of the proposed exceptions (identity, absence of mistake, knowledge, intent)."

    a. **Pictures of THC products and text messages discussing that these products are for sale**

    b. **Picture of delivery information for an order for Connie Burrell placed with labelvalue.com**

    c. **Picture of a website screen shot for shopping online at labelvalue.com to buy marijuana THC warning labels**

    d. **Text messages discussing: picking up product to smoke; prices for Moonrock; prices for gummies; "moving more candy"; "moving the weed" from Burrell's apartment because the smell is too strong; stopping the cooking of the edibles at Burrell's apartment; delivering an order of 10 vape cartridges to one client; getting 2 more zips; getting a new vape pen; prices for buying vape cartridges in bulk for different strains**

    e. **A recipe on how to make cannabis lollipops and hard candy**

This evidence is relevant to show that Edwards knew how to make and sell drugs and intended to sell the drugs found in the Outlander. The motion to exclude this evidence is DENIED.

    f. **Picture of a Glock with the tactical light on it**

This is relevant to show that Edwards committed the robbery because the government will present other evidence that the photo matches the gun used in the robbery. The motion to exclude this evidence is DENIED.

## g. Picture of Edwards wearing a hat, sunglasses and a black silk scarf

This is relevant to show that Edwards committed the robbery because Woods will testify that the scarf in the picture looks like the scarf that Edwards was wearing during the robbery. The motion to exclude this evidence is DENIED.

## h. Edwards's Facebook Profile page showing his photo with the name Saifallah Edwards Muab-el (Gotto), listing his employment history, and identifying Caliph Muab-El as his brother

The government wants to use information on Edwards's Facebook page to corroborate other witness testimony about how they met Edwards. It is not clear at this stage whether the corroborating evidence is needed, but I will not exclude the evidence now.

### 6. Motions to exclude expert testimony, Dkt. 150 and Dkt. 151

#### a. All experts, Dkt. 151

The government has identified the following experts: Rachel Hahn (drug analyst); Rebecca Ciske (DNA analyst); Caleb Johnson and Suzie Gonzales ("drug resale" experts); Tony Rotunno (firearms nexus expert); Tim Blanke (process used to download phones; data obtained); Brandon Haney and Robert Bechtold (GPS and cell tower experts). Edwards objects to all of these experts because the government failed to timely disclose them. The government says it no longer anticipates calling Gonzales, *see* Dkt. 200, at 5, so I need not consider Edwards's objection to her testimony.

The government acknowledges that it missed its December 20, 2019 deadline for disclosure of its experts and didn't provide the notice until January 9, 2020. (It says that it "missed" the order setting the deadline. *See* Dkt. 202, at 3.) But it says the court should not exclude the testimony of these experts because: (1) it disclosed the experts a month before trial; (2) Edwards had most of the underlying expert reports long before December 20; (3) Edwards

didn't suffer any prejudice from the late disclosure; and (4) under Federal Rule of Criminal Procedure 16(d)(2), the court has discretion not to exclude evidence that is untimely. Dkt. 202.

Because Edwards has not had an opportunity to respond to the government's arguments, I will reserve a ruling on this motion until the hearing. Edwards will have an opportunity to identify any prejudice he has suffered as a result of the government's late disclosures.

### b. Caleb Johnson, Dkt. 150

The government wants to offer Johnson as an expert who will testify that "the drugs and drug paraphernalia found in the Mitsubishi Outlander indicate the drugs were intended for resale based on their packaging, labeling, variety, and amounts." Dkt. 127, § F.3. Edwards objects on the grounds that: (1) Johnson didn't provide a report and the opinion offered is too conclusory to show that Johnson used a reliable methodology; (2) and the jury is capable of understanding the significance of packaging and labelling.

In its brief in opposition to the motion to exclude, the government says that Johnson is qualified to testify based on his experience as an undercover narcotics officer. And it attaches an expert report dated January 23, 2020. *See* Dkt. 200-1. The government doesn't explain why it didn't submit the report with its other reports. Because Edwards hasn't had an opportunity to respond to the report, I will reserve a ruling on this motion until the final hearing.

### c. Motion to exclude "cell tower" testimony, Dkt. 160

Edwards moves to exclude several rebuttal witnesses disclosed on January 9 and January 23, 2020, who will testify about Edwards's alibi defense, including expert Robert Bechtold, who the government identifies as a GPS data analyst. The parties agree that Edwards notified

6

the government of his alibi defense on September 16, 2019. Edwards says that the government was required to identify its rebuttal witnesses within 14 days of that notice; the government says that its deadline was 14 days before trial.

The relevant provision is Federal Rule of Criminal Procedure 12.1(b)(2), which states: "Unless the court directs otherwise, an attorney for the government must give its Rule 12.1(b)(1) disclosure [regarding rebuttal witnesses] within 14 days after the defendant serves notice of an intended alibi defense under Rule 12.1(a)(2), but no later than 14 days before trial." I read this provision to mean that the government must disclose its rebuttal witnesses within 14 days of the defendant's disclosure "[u]nless the court directs otherwise," but the court must require disclosure within 14 days of trial. In this case, the court did not "direct[] otherwise," so the 14 day-deadline applied. Under Rule 12.1(e), "If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Neither side addresses Rule 12.1(e). At the final hearing, it will be the government's burden to show that the court should not exclude its rebuttal witnesses. *See United States v. Burkhalter,* 735 F.2d 1327, 1329 (11th Cir. 1984) (when considering whether to exclude evidence under Rule 12.1(e), court should consider factors such as the amount of prejudice that resulted from the failure to disclose, the reason for nondisclosure, and the extent to which the harm caused by nondisclosure was mitigated by subsequent events).

7. **Motion to preclude evidence of discussion between Muab-el and Woods, Dkt. 152**

The government wants to offer evidence of a statement that Caliph Muab-el made to Woods on the night of the robbery. Specifically, Woods will testify that Muab-el said that he could not drive her back to Milwaukee, so he would have "a Moe" that he "trusted" drive her

instead. Edwards objects on hearsay grounds, but this statement is not offered for the truth, but to show the effect it had on Woods. Specifically, it shows why Woods agreed to get in Edwards's car. So Edwards's motion to exclude this evidence is DENIED.

8. **Motion to preclude testimony of suspicion of other robberies, Dkt. 153**

This motion is unopposed with the exception of testimony by Woods that Edwards told her that he had committed 60 other robberies. The government says that the statement about the other robberies is relevant because it "shows [Edwards's] intent to commit the O'Reillys robbery." Dkt. 202, 6. Regardless whether the statement qualifies as character evidence under Rule 404, it is highly prejudicial and has little probative value, so the court will exclude the statement under Rule 403. This motion is GRANTED.

9. **Motion to preclude testimony from law enforcement that Edwards was seen driving on November 7 or 8, 2018, Dkt. 154**

This motion is GRANTED in large part. The government doesn't oppose Edwards's motion as it relates to Caleb Johnson and Beth Boxwell, who do not have first-hand knowledge. And the government also acknowledges that Madison Police Department sergeant Matthew Schroedl "could not positively identify the individual" he saw on November 8. Dkt. 202, at 8. But Schroedl is free to describe what he did see. And if Edwards believes that Schroedl's testimony is inconsistent with prior statements, Edwards may attempt to impeach Schroedl on cross examination.

10. **Motion to play entire video-taped interview of Kanasha Woods, Dkt. 156**

This motion overlaps with the government's motion to preclude evidence that law enforcement used suggestive techniques to induce Woods to identify Edwards as the person who robbed the auto parts store, Dkt. 163, § 6, so I will consider the two motions together.

8

Evidence that law enforcement used suggestive techniques is relevant to undermining Woods's testimony identifying Edwards as the person who was with her during the robbery. So the government's motion to preclude that evidence is DENIED. But Edwards hasn't justified his request to play the entire 3 1/2-hour video, which would waste the jury's time. So Edwards's motion is DENIED as well. At the final hearing, Edwards should be prepared to discuss which portions of the video he believes are most important to supporting his theory of the case.

11. **Motion to preclude use of the word "alibi," Dkt. 167**

Edwards moves to preclude use of the word "alibi" because of its potentially negative connotations. In the final pretrial conference order, Judge Crocker noted that the pattern instructions have omitted the term for that reason. *See* Pattern Criminal Jury Instructions of the Seventh Circuit §6.03 ("The 'alibi' instruction has been re-titled because of widespread negative connotations associated with the word 'alibi.' The Committee recommends that courts that provide juries with instruction headings use the new title rather than the former title."). Because the government doesn't identify any reason it needs to use the word "alibi" during trial, this motion is GRANTED. To be clear, this ruling doesn't preclude the government from presenting evidence regarding where Edwards was at the time of the robbery. Rather, this order addresses only a term that the government should refrain from using.

12. **Motion to deem the certified transcript of Woods interview authentic, Dkt. 169**

This motion is GRANTED as unopposed.

13. **Motion to play the entire "Walmart" video, Dkt. 190**

The government wants to offer video stills of Woods while she was in Walmart just before the robbery. Dkt. 141. Edwards says that "single frames from a short video can lead to

9

a story being taken out of context and therefore mislead the jury in many respects," so he wants to play the entire video for the jury. Edwards does not explain how the single frame are misleading, but the video is only 3 minutes and 54 seconds long, so I will allow Edwards to show it. The motion is GRANTED.

14. **Motion to exclude testimony of Rick Mortimer, Dkt. 193**

The government has noticed its intent to offer the following testimony from Mortimer: (1) he went to Edwards's apartment to buy drugs; Edwards showed Mortimer edibles and said he sold edibles; Edwards sold marijuana to Mortimer; (2) Edwards told Mortimer that he had an AK-47; Edwards showed Mortimer a pistol; (3) Mortimer sold Edwards a Glock that matched the one found in the Outlander; (4) Edwards didn't want to sign the receipt for sale of the gun because "of the man." Dkt. 170. Edwards objects to this evidence on the ground that it is prior bad acts evidence and the government hasn't shown than an exception to Rule 404(b) applies.

Edwards's motion is DENIED in most respects. The evidence in category (1) is relevant to show that Edwards intended to sell the marijuana found in the Outlander. The evidence in category (3) is relevant to show that Edwards possessed the Glock found in the Outlander. The evidence is category (4) is relevant to show that Edwards knew that he was a felon and was not permitted to possess a firearm. But the government hasn't identified a permissible purpose for admitting the evidence in category (2). Edwards was charge with possessing a specific firearm: a Glock Model 19 Luger 9mm handgun. *See* Dkt. 77. The government doesn't identify a non-propensity purpose for evidence of Edwards's possession of other firearms, so the motion is GRANTED as to Mortimer's testimony that Edwards showed Mortimer a pistol and spoke about an AK-47.

15. **Motion to exclude evidence of Edwards's arrest, Dkt. 194**

The government wants to offer evidence that Edwards was arrested in Chicago and gave officers a fake name when he was arrested. Dkt. 127, § 2. Edwards's motion to exclude this evidence is DENIED. Edwards's conduct is relevant to show that he left Madison to evade arrest and that he knew law enforcement was pursuing him. And I am not persuaded that evidence is unfairly prejudicial because Wisconsin residents might be prejudiced against someone with "ties to a Metropolitan city like Chicago." Edwards is free to cross examine the government's witness about the four-month gap between the robbery and the arrest, but the gap doesn't render the evidence irrelevant.

16. **Motion to exclude evidence of alleged statements by Woods and Edwards in the Outlander, Dkt. 195**

The government wants to offer testimony from Woods that she told Edwards that she was selling marijuana for Caliph Muab-El. Dkt. 170. The government also wants to offer testimony from Woods about Edwards's alleged statements in the Outlander: (1) he owned the drugs in the car; (2) Burrell was a "good rider," had his back, and did crimes with him; (3) he taught Burrell how to use an AK-47; and (4) he was going to do a robbery and needed her help as a lookout. Dkt. 170.

The motion is GRANTED in part and DENIED in part. Woods's statements about her own conduct are hearsay and not relevant to proving Edwards's conduct. But Edwards's alleged statements that he owned the drugs are relevant to proving that he did in fact possess the drugs found in the Outlander; his alleged statements about Burrell are relevant to showing her motives for providing testimony on his behalf; and his statement that he was "going to do a robbery" is relevant to showing that he intended to commit the robbery. But the alleged

11

statements about teaching Burrell to use an AK-47 are not relevant to her motive. And they are not relevant to the felony possession charge because Edwards wasn't charged with possessing an AK-47. *See* Dkt. 77.

Edwards says that Woods's testimony isn't credible because she didn't identify these alleged statements before now, but that goes to the weight of the evidence, which Edwards can explore on cross examination.

17. **Motion to preclude evidence of drug labels, Dkt. 196**

The government wants to offer invoices showing that Edwards had ordered THC warning labels, Dkt. 184. Edwards objects on multiple grounds, but the government hasn't had an opportunity to respond to these objections, so I will take up this motion at the final hearing.

B. **Government's motions, Dkt. 163**

1. **Motion to exclude evidence of penalties if convicted**

This motion is GRANTED as unopposed.

2. **Motion to exclude a definition of the term "reasonable doubt"**

As the government observes, the court may not include a definition of reasonable doubt in the jury instructions, *see United States v. Glass,* 846 F.3d 386, 387 (7th Cir. 1988), so this motion is GRANTED.

3. **Motion to preclude defendant from arguing jury nullification**

This motion is GRANTED as unopposed.

4. **Evidence of good character**

The government wants to preclude Edwards from offering evidence of his good character *other than* opinion testimony that he is a "law-abiding citizen." Also, if he testifies and his credibility is attacked, the government says that he may offer opinion testimony that he is

truthful. As for any other evidence of good character, the government says that Edwards "should be required to make a pretrial proffer to the Court . . . so that the Court can determine if it is relevant to a pertinent character trait implicated by the indicted charges."

Edwards objects to this motion on ground that it is premature. Dkt. 189. He says that the court can decide during trial whether particular evidence of good character is admissible.

Edwards doesn't have to identify before trial specific evidence of good character that he wants to offer. But he should be prepared to explain at the final hearing whether he disagrees with the government's position about which character traits are at issue, the type of evidence he may offer, and under what circumstances.

### 5. Motion to exclude Edwards's hearsay statements

This objection is based on a sound principle, but neither side identifies any particular hearsay statements to admit or exclude, so I cannot issue a ruling on this motion.

### 6. Motion to exclude evidence of an improper or suggestive identification

As discussed in the context of Edwards's motion to play the video of Woods's interrogation, Dkt. 156, this motion is denied.

### 7. Motion to preclude Edwards from introducing excerpts from the orders on the motion to suppress

This motion is GRANTED. The court's legal conclusions are not relevant to the questions before the jury.

### 8. Decisions not to investigate

The government wants to preclude Edwards from offering evidence about any decisions by law enforcement not to investigate other leads or conduct forensic testing on the ground that it isn't relevant to whether Edwards committed the charged crimes. Edwards's only

objection is that the government hasn't identified any specific evidence. Dkt. 186. But Edwards doesn't identify any reason that the type of evidence at issue in this motion would be relevant. So this motion is GRANTED. If Edwards wishes to offer evidence about leads not followed or testing not conducted, he will need to seek leave of court.

   9. **Witness sequestration**

The government asks for permission under Federal Rule of Evidence 615(c) to allow both SA Beth Boxwell and Detective Leslie Keith to sit at counsel table during trial. Edwards objects. Dkt. 188.

The government says that Boxwell "will be presenting the second car search warrant evidence and may be used as a rebuttal witness if the defense presents an alibi case"; Keith will be "presenting the first car and phone search warrant evidence." Under Rule 615(c), the court may not sequester "a person whose presence a party shows to be essential to presenting the party's claim or defense." But the government doesn't explain why it believes Boxwell and Keith meet that standard. The cases the government cites, *United States v. Crabtree*, 979 F.2d 1261, 1270 (7th Cir. 1992), and *United States v. Berry*, 133 F.3d 1020, 1024 (7th Cir. 1998), allow, but do not require, a court to exclude testifying case agents from a sequestration order. So I will reserve a ruling on this motion to allow the government to explain why Boxwell and Keith's presence at counsel table is "essential."

   10. **Motion to preclude Edwards from using government witnesses to present alibi testimony of Connie Burrell**

The government wants to preclude Edwards from using government witnesses to elicit statements regarding what Connie Burrell told them about Edwards's whereabouts at the time

of the O'Reillys robbery. The government objects to the evidence as hearsay. Edwards doesn't respond to this motion, and the statements would be hearsay, so the motion is GRANTED.

11. **Motion to exclude evidence of Mitch Mortimer misdemeanor conviction**

Mortimer has a misdemeanor conviction for THC. Because it isn't a felony or a crime of dishonesty, it is not covered by Rule 608 or Rule 609. Edwards doesn't identify a reason for admitting the misdemeanor conviction, so this motion is GRANTED.

12. **Motion to exclude extrinsic evidence that Johnson lied during the evidentiary hearing**

Relying on Rule 608(b), which prohibits the use of extrinsic evidence to prove specific instances of untruthfulness, the government contends that Edwards may not rely on extrinsic evidence to show that Johnson lied during the evidentiary hearing. Specifically, the government says that Edwards may ask Johnson whether he lied, but if he says no, Edwards cannot use this court's orders to impeach him. Edwards doesn't respond to this motion, and I will now allow the either party to use the court's pretrial rulings with the jury, so the motion is GRANTED.

C. **Other evidentiary disputes**

1. **The government's motion to quash subpoena of Agent Boxwell, Dkt. 168**

Edwards subpoenaed Boxwell "to testify about what she saw, said and heard" during the search of the Outlander and Burrell's residence. He also wants her to testify about "the chain of custody of the items that were removed during those searches." He asked her to produce "any report" she prepared related to this case so that he can impeach witnesses if they testify differently what her reports say.

The government objected to the subpoena on the ground that Edwards wasn't entitled to use a subpoena to obtain rebuttal witness statements. At the final pretrial conference,

15

Edwards clarified that he's not asking for pretrial disclosure of documents, so its not clear what issues remain in dispute. I will reserve a ruling on this motion to allow the parties to clarify their positions at final hearing.

**2. Flash drive files**

Edwards wants to offer several files contained on a flash drive.

**a. "Tracks" folder and Music video, Dkt. 144, § 1 and §2**

Edwards doesn't explain what these are, but the government says that the "tracks" folder is a voice recording of Edwards and that Edwards is alleging that he made both recordings at the time of the robbery. The government objects on the ground that Edwards hasn't authenticated these files or laid a foundation for them. Dkt. 163, § 13a and § 13b. Edwards hasn't responded to the government's objection, so I will give him an opportunity to do so at the final hearing.

**b. GPS maps, Dkt. 144, § 4**

These are maps that Edwards has prepared with GPS data points. Edwards says he wants to ask the government's expert (Bechtold) whether "Defendant's maps . . . accurately reflect data from the original excel sheet he is testifying about." The government objects on the ground that Edwards must lay his own foundation for the maps without the assistance of the government's witness. Dkt. 163, § 13c. But the government cites no authority for its view. If the witness is unable to answer a question based on the information Edwards gives him, the witness is free to say so.

As a side note, Edwards says that his cross examination of the expert "could take a great deal of time." Edwards should be prepared to explain at the final hearing why he believes his

cross examination will take so long and whether his questioning will be relevant, noncumulative, and not a waste of time.

    **c. "street.jpg," Dkt. 144**

Neither side explains what this is or what it is intended to show. Edwards should be prepared to explain at the hearing why he believes this file is admissible.

    3. **Other Rule 404(b) issues**

The government filed a 29-page brief with 54 pages of attachments that it calls "Memorandum in support of admissibility of Rule 404(b) evidence." Dkt. 198. Much of the evidence discussed in the brief is discussed in the motions in limine. But some of it was not. If there are any disputed pieces of evidence not discussed above, the parties should raise these at the final hearing.

**D. Voir Dire**

Judge Crocker identified three disputes about the voir dire questions. First, Edwards wants to add the following sentence to the statement of the case: "The defendant has entered a plea of not guilty to these charges and is presumed innocent." Although the presumption of innocence is covered in Question 4, I see no harm in including the proposed sentence in the statement of the case, so I will add it.

    Second, Edwards objects to Question 10: "Have any of you ever been a member or, or otherwise are familiar with the Moorish Science Temple, which used to have a temple in Madison and still has a temple in Milwaukee? [Sidebar; inquiry into the Black P Stone Nation?]" I will ask a slightly modified version of the question: "Are any of you familiar with the Moorish Science Temple, which used to have a temple in Madison and still has a temple in Milwaukee?" If anyone raises their hand, I will follow up at sidebar to determine the nature

and extent of any knowledge of or relationship with the temple, as well as the Black P Stone Nation.

Third, the government objects to the bracketed language in Question 28: "Would any of you judge the credibility of a witness for the government more favorably merely because they are employees of, [or are testifying on behalf of] the government?" Because either type of credibility bias is relevant, I will include the bracketed language.

E. **Jury instructions**

Edwards proposed a supplemental instruction on "text message and facebook messenger communications." Dkt. 197. Judge Crocker also noted in his final pretrial conference that there were other disputed instructions, but the parties haven't identified what those are. The parties may raise those issues at the final hearing.

Entered February 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge